IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY WAYNE WILSON,

    Petitioner,                      No. 2:11-cv-0574 JFM (HC)

    vs.

CLAUDE FINN, Warden,

    Respondent.                  ORDER

                               /

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee for this action and has consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).[1] Petitioner claims that his federal constitutional right to due process was violated by a 2009 decision of the California Board of Parole Hearings (Board) to deny him a parole date.

        Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court provides for preliminary review of habeas corpus petitions filed in federal district courts. Pursuant to the rule, a judge is required to "promptly examine" a new habeas corpus petition and to dismiss the petition "[i]f it plainly appears from the petition and any exhibits annexed to it that

---

[1] For the reasons set forth in this order, this petition must be summarily dismissed. The court will not, therefore, direct respondent to file a response to the petition.

1

the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254.  For the reasons set forth infra, the petition filed in this action and the exhibits annexed to it plainly show that petitioner is not entitled to federal habeas corpus relief.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1994, petitioner was convicted of murder[2] and other offenses and sentenced to fifteen years to life in prison.  See Petition for Writ of Habeas Corpus, filed February March 1, 2011, at 1.  On February 10, 2009, petitioner appeared before the Board for a subsequent parole consideration hearing.  See Ex. A to Petition.  Petitioner appeared at and participated in the hearing.  See id.  Following deliberations held at the conclusion of the hearing, the Board announced their decision to deny petitioner parole and the reasons for that decision.  Id. at 131-143.

## ANALYSIS

I. Standards for a Writ of Habeas Corpus

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the

---

[2] On the face of the petition, petitioner alleges that he was convicted of, inter alia, "P.C. 187 2nd."  At the start of the Board of Parole Hearings proceedings at issue, the presiding commissioner stated that petitioner's primary commitment offense was first degree murder.  See Ex. A to Petition, filed March 1, 2011, at 1.  A Life Prisoner Evaluation appended as Exhibit B to the petition also describes petitioner's commitment offense as second degree murder.

governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") (internal citations omitted).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

II. Petitioner's Claim

As noted above, petitioner claims that the denial of parole violated his federal constitutional right to due process of law. The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that

/////

the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause. Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002). However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 131 S. Ct. at 862. Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id.

Here, the record reflects that petitioner was present at the 2009 parole hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's

decision to deny parole.  According to the United States Supreme Court, the federal due process clause requires no more.  Accordingly, petitioner's application for a writ of habeas corpus must be summarily dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).  For the reasons set forth in this order, petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the court will not issue a certificate of appealability.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is summarily dismissed. See Rule 4, 28 U.S.C. § 2254.

2. The Clerk of the Court is directed to serve a copy of the petition and this order on Michael Patrick Farrell, Senior Assistant Attorney General.  See Rule 4, 28 U.S.C. foll. § 2254.

3. This court declines to issue a certificate of appealability.

DATED: April 29, 2011.

UNITED STATES MAGISTRATE JUDGE

12
wils0574.dm